

FILED
JAN 2 9 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN WOODWARD ICKES, JR.,

    Petitioner,

v.                                          Civil Action No. **3:14CV28**

WARDEN OF THE GREENVILLE CORRECTIONAL
CENTER,

    Respondent.

## REPORT AND RECOMMENDATION

John Woodward Ickes, Jr., a Virginia civil detainee proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition") challenging his detention during proceedings seeking his commitment as a sexually violent predator by the Circuit Court of the County of Chesterfield (hereinafter "Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Ickes argues entitlement to relief on the following grounds:

Claim One:    "Pre-trial detention is unlawful because I am housed in the wrong institution." (§ 2254 Pet. 5.)[1]

Claim Two:    "My detention is unlawful because my Sixth Amendment right to a speedy trial[2] has been violated." (*Id.* at 6.)

Claim Three:    "My detention is unlawful because my right to due process[3] has been violated" (*Id.* at 8.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Ickes's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Claim Four: "My detention is unlawful [because] . . . . [section] 37.2-906(A) is both an ex post facto law and a bill of attainder . . . ."[4] (*Id.* at 10).

Claim Five: "My detention is unlawful because the conditions in which I am confined amount to punishment." (*Id.* at 12.)

Respondent has moved to dismiss the action (ECF No. 13). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED WITHOUT PREJUDICE because Ickes's § 2254 Petition contains claims that are unexhausted.

### A. State Proceedings

On November 15, 2010, the Circuit Court ordered that Ickes be held in the Virginia Department Corrections until a final order was entered in the pending civil action seeking to have Ickes committed as a sexually violent predator pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq.* (West 2014) (hereinafter "SVPA"). *Commonwealth v. Ickes*, No. CL10-3073, at 1-2 (Va. Cir. Ct. Nov. 15, 2010). The Circuit Court appointed counsel and set a probable cause hearing for January 31, 2011. Ickes, however, refused to speak with Dr. Miller, the expert hired to evaluate him. *See Ickes*, No. CL10-3073, at 1 (Va. Cir. Ct. Jan. 13, 2011). At some point, Ickes agreed to speak with Dr. Miller, and upon agreement of the parties, the Circuit Court continued the probable cause hearing until March 21, 2011 to permit Dr. Miller to evaluate Ickes. *See id.* On March 21, 2011, the Circuit Court found probable cause to believe that Ickes was a sexually violent predator. *Ickes*, No. CL10-3073, at 1 (Va. Cir. Ct. Mar. 21, 2011). The Circuit Court set the matter for a trial on August 10, 2011, a date agreed upon by counsel. *Id.*

Over the course of the next several years, Ickes inundated the Circuit Court with various *pro se* filings as a method to hinder and delay the proceedings. During a January 28, 2014,

---

[4] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

2

motions hearing, Ickes called counsel as a witness and counsel testified that Ickes requested counsel to put off the trial as long as possible until his concurrent federal sentence expired in the fall of 2012. (Jan. 28, 2014 Tr. 69.) Due to problems with expert witnesses, and several continuances requested by counsel, the Circuit Court continued the bench trial until April 12, 2013. (*See* Jan. 28, 2014 Tr. 69-72.) On March 29, 2013, Ickes filed a Motion to Dismiss the civil commitment proceedings alleging errors in his assessment. Motion to Dismiss at 1-5, *Ickes*, No. CL10-3073 (Va. Cir. Ct. filed Mar. 29, 2013). In response, the Commonwealth requested a continuance of the trial date due to a necessary witness's unavailability. Motion to Continue at 1-3, *Ickes*, No. CL10-3073 (Va. Cir. Ct. filed Apr. 11, 2013). Over Ickes's objection, the Circuit Court found good cause to continue the case. (*See* Jan. 28. 2014 Tr. 69-70.) The Circuit Court continued the hearing on the Motion to Dismiss and the jury trial until October 11, 2013. *See* Letter, *Ickes*, No. CL10-3073 (Va. Cir. Ct. filed Aug. 12, 2013).

On April 30, 2013, Ickes filed a Petition for Writ of Habeas Corpus in the Supreme Court of Virginia raising similar claims as in the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 1, *Ickes v. Warden of Greensville Corr. Ctr*, No. 130718 (Va. Apr. 30, 2013). The Supreme Court dismissed Claims One and Five as not cognizable in habeas, Claim Three and Four pursuant to *Brooks v. Peyton*, 171 S.E.2d 243, 246 (Va. 1969) because such claims were properly raised on appeal not in habeas, and Claim Two as lacking in merit. *Ickes*, No. 130718, at 1-3 (Va. Oct. 22, 2013) (citations omitted).

After appointment of new standby counsel and several motions hearings in which Ickes represented himself with standby counsel, Ickes's bench trial began on May 23, 2014. The Circuit Court heard a portion of the Commonwealth's evidence and *sua sponte* adjourned the trial. (May 23, 2014 Tr. 215-19.) On July 16, 2014, the trial recommenced, and the Circuit

3

Court found Ickes to be a sexually violent predator and ordered his detention. *See Ickes*, No. CL10-3073, at 1-3 (July 30, 2014). The record demonstrates that Ickes currently has an appeal of his commitment order pending before the Supreme Court of Virginia.[5]

The Court received Ickes's § 2254 Petition on January 10, 2014, six months before his trial on the civil commitment proceedings concluded on July 16, 2014.

## B. Exhaustion

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

---

[5] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; then follow "ACMS-SCV" button; select Appellant/Petitioner," type "Ickes, John," and then follow "Search" button; then follow hyperlinks for SCV Record # "141555") (last visited Jan. 26, 2015).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01–654(A)(1) (West 2014). "'Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.'" *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

The United States Supreme Court has held that federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Instead, the Supreme Court has directed federal courts to "dismiss[ ] mixed petitions without prejudice and allow[ ] petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* at 274 (quoting *Lundy*, 455 U.S. at 522).

Ickes clearly raised all five claims in his § 2254 Petition in his habeas petition filed with the Supreme Court of Virginia. However, Claims Three and Four have not been exhausted. Although Ickes raised both claims in his habeas petition filed with the Supreme Court of Virginia, that court dismissed both Claims Three and Four "because a petition for a writ of habeas corpus may not be an employed as a substitute for an appeal." *Ickes*, No. 130718, at 2 (citing *Brooks*, 171 S.E.2d at 246).[6] At the time Ickes filed his state habeas petition and his § 2254 Petition, Ickes had not yet had his trial in the civil commitment proceeding, and he clearly had filed neither an appeal nor a petition for habeas corpus based on the Circuit Court's decision to civilly commit Ickes. Moreover, the record demonstrates that Ickes currently has an appeal of his commitment order pending before the Supreme Court of Virginia. *See* 28 U.S.C. § 2254(c) ("An appellant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). Thus, Ickes clearly has state court remedies available for his claims, and the Court must dismiss the present petition that contains unexhausted claims.

---

[6] *Peyton* holds that, under Virginia law "a petition for writ of habeas corpus may not be used as a substitute for appeal . . . ." 171 S.E.2d at 246 (citations omitted). Accordingly, to exhaust his remedies on Claims Three and Four, Ickes must present these claims to the Supreme Court of Virginia on direct appeal of his civil commitment proceedings.

Accordingly, it is RECOMMENDED that the Court GRANT the Motion to Dismiss (ECF No. 13) and DISMISS WITHOUT PREJUDICE the § 2254 Petition. Ickes may refile the petition with this Court after he exhausts his state court remedies.

Ickes is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. See *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Ickes and counsel for Respondent.

Date: January 29, 2015
Richmond, Virginia

/s/ Roderick C. Young
United States Magistrate Judge